Anthony M. Keats (Bar No. 123672)
E-Mail: akeats@kmwlaw.com
David K. Caplan (Bar No. 181174)
E-Mail: dcaplan@kmwlaw.com
Caroline Y. Bussin (Bar No. 239343)
E-Mail: cbussin@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone   (310) 248-3830
Facsimile:   (310) 860-0363

JS-6

OF COUNSEL

Brian W. Brokate *(admitted pro hac vice)*
Email: bwbrokate@gibney.com
John Macaluso *(admitted pro hac vice)*
Email: jmacaluso@gibney.com
GIBNEY, ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, NY 10022
Telephone:   (212) 688-5151
Facsimile:   (212) 688-8315

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.<br><br>           Plaintiff,<br><br>      v.<br><br>TED CHAN AND STEPHEN SHAR, INDIVIDUALLY AND D/B/A LUSSO TIME AND WWW.LUSSOTIME.COM; UNKNOWN WEBSITES 1-10; UNKNOWN ENTITIES 1-10; and JOHN DOES 1-10,<br><br>           Defendants. | Case No.:  CV 12-01803 RGK (MANx)<br><br>**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

1       THIS CAUSE comes before the Court upon the joint stipulation of Defendants Ted Chan and Stephen Shar, individually and d/b/a LussoTime and www.lussotime.com ("Defendants"), and Plaintiff Rolex Watch U.S.A., Inc. ("Rolex").

Plaintiff Rolex commenced this action on March 2, 2012 against Defendants. In the Complaint, Rolex alleges federal trademark infringement, false designations of origin and false description and dilution in violation of 15.U.S.C. §§ 1114, 1125 (a) and (c), and unfair competition under the common law.

NOW THEREFORE, upon consent of the parties hereto, it is

**ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

4.      Ted Chan is the co-owner, operator and/or controlling force behind LussoTime and www.lussotime.com, and resides at 3020 Lombardy Road, Pasadena, CA 91107.

5.      Stephen Shar is the co-owner, operator and/or controlling force behind LussoTime and www.lussotime.com, and resides at 790 King Street, San Gabriel, CA 91776.

6.      Defendants' principal place of business is 5482 Wilshire Blvd. # 267, Los Angeles, CA 90036.

7.      Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office (hereinafter referred to as "Rolex Registered Trademarks"):

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ♛ **CROWN DEVICE** | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |

8. The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

9. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with watches, related products and in advertisements, posters and print ads. The Rolex Registered Trademarks identify high quality products originating with Rolex.

10. Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and distinctive, and have been famous and distinctive since well prior to the activities of the Defendants.

11. The Rolex Registered Trademarks are valid and subsisting and in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

12. Long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendants began using the Rolex Registered Trademarks on the website www.lussotime.com and advertising that they will honor Rolex's warranty terms and conditions.

13. Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

14. Rolex has never authorized or consented in any way to the use by Defendants of the Rolex Registered Trademarks or marks confusingly similar thereto.

15. Despite numerous cease and desist letters, Defendants continued to prominently display the Rolex Registered Trademarks without authorization from Rolex and continued to state that they will honor Rolex's warranty terms and conditions.

16. Defendants' use of the Rolex Registered Trademarks are likely to cause confusion, deception and/or mistake in the marketplace, relevant industry, and all channels of trade for Rolex's goods and services.

17. Defendant's use of the Rolex Registered Trademarks are likely to cause confusion, mistake or deception as to the source of Defendant's goods and services, as to an affiliation or connection between Rolex and Defendant's goods and services, or as to Rolex's approval, endorsement or sponsorship of Defendant's goods and services.

18. Defendants' use of the Rolex Registered Trademarks is likely to dilute the distinctive quality of Rolex's Rolex Trademarks.

19. Defendants' use of the Rolex Registered Trademarks is likely to injure the business reputation of Rolex.

20. Defendants' prominent display of the Rolex Registered Trademarks intentionally, maliciously and willfully infringes and dilutes upon the Rolex Registered Trademarks, despite knowledge that such use is illegal.

21. This case constitutes an exceptional case under 15 U.S.C. § 1117(a).

22. Rolex has suffered irreparable harm and damages as a result of Defendants' illegal acts. The injuries and damages sustained by Rolex have been directly and proximately caused by the Defendants' wrongful advertisement and promotion using the Rolex Registered Trademarks.

23. Defendants and their officers, agents, servants, employees and all persons in active concert and participation with Defendants are hereby permanently restrained and enjoined from:

 a. imitating, copying or making unauthorized use of the Plaintiff's Rolex Registered Trademarks or any mark or combination of initials confusingly similar thereto in any manner;

 b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

 c. using false description or representation including words or other symbols tending to falsely describe or represent their services as being those of Rolex or sponsored by or associated with Rolex and from offering such services in commerce;

 d. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks, or any words or initials confusingly similar, as a trademark, trade name, domain name or otherwise, in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any services in such fashion or in any medium, as to relate or connect, or tend to relate or connect, such services in any way to Rolex, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Rolex;

 e. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products

      manufactured, distributed, sold or offered for sale, licensed, or leased or rented by Defendants are in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

f. engaging in any conduct constituting an infringement of the Rolex Registered Trademarks, or any words confusingly similar, of Rolex's rights in or to use or to exploit said trademarks, or constituting any weakening of Rolex's name, reputation and good will;

g. using or continuing to use the Rolex Registered Trademarks or trade name in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

h. acquiring, maintaining, registering or applying to register as a trademark, trade name, service mark, domain name or any other source identifier the Rolex Registered Trademarks or any other trademarks owned by Plaintiff, or any other mark or name that infringes or is likely to be confused with Plaintiff's trademarks or trade names, or transferring conveying or assigning any such domain names to any entity other than Rolex;

i. otherwise unfairly competing with Rolex; and

j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

24. Judgment shall be entered jointly and severally against each person or entity herein referred to collectively as "Defendants" in the amount of $2,500.00 USD for Rolex's damages as a result of Defendants' conduct.

25. In the event Defendant(s) breach any term of this Consent Judgment and Permanent Injunction, or otherwise infringe or dilute Rolex's trademark rights, Rolex shall be entitled to injunctive relief, damages and profits and Defendant(s) shall pay Rolex attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach.

26. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

27. This Court shall retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction and for the modification and/or the punishment of any violations thereof.

28. The Permanent Injunction shall remain in full force and effect until modified by order of this Court.

Dated: July 24, 2012

*[signature: Gary Klausner]*

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Anthony M. Keats
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212

/s/Anthony M. Keats
Anthony M. Keats

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

Of Counsel:

Brian W. Brokate *(admitted pro hac vice)*
John Macaluso *(admitted pro hac vice)*
Gibney Anthony & Flaherty LLP
665 Fifth Avenue
New York, NY 10022

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

## CONSENTS TO ENTRY

The undersigned hereby consent to the terms and conditions of this Consent Judgment and Permanent Injunction in the form annexed hereto and consent to the entry thereof.

ROLEX WATCH U.S.A., INC.

Dated:_____, 2012    By:_____
                           Name:_____
                           Its:_____


TED CHAN, individually and d/b/a
LUSSO TIME AND
WWW.LUSSOTIME.COM

Dated:_____, 2012    _____
                                    Ted Chan


STEPHEN SHAR, individually and d/b/a
LUSSO TIME AND
WWW.LUSSOTIME.COM

Dated:_____, 2012    _____
                                   Stephen Shar